## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| Zuleika Betancourt, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : |
| IQ Data International, Inc./ Rent Collect | : **COMPLAINT** |
| Global, | : |
| | : |
| Defendant. | : |
| | : |

For this Complaint, the Plaintiff, Zuleika Betancourt, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.      The Plaintiff, Zuleika Betancourt ("Plaintiff"), is an adult individual residing in Aberdeen Proving Ground, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, IQ Data International, Inc./ Rent Collect Global ("IQ Data"), is a Washington business entity with an address of 21222 30th Drive, Suite 120, Bothell, Washington

98208, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.     The Debt was purchased, assigned or transferred to IQ Data for collection, or IQ Data was employed by the Creditor to collect the Debt.

9.     IQ Data attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. IQ Data Engages in Harassment and Abusive Tactics

10.     On or about February 23, 2021, IQ Data called Plaintiff in an attempt to collect the Debt.

11.     During the initial conversation, IQ Data demanded an immediate payment that day, or otherwise threatened to report the Debt to the credit bureaus.

12.     Such threat during the initial conversation overshadowed Plaintiff's right to dispute the Debt within 30 days.

### C. Plaintiff Suffered Actual Damages

13.     Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

14.     As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff

suffered and continues to suffer from anger, fear, emotional distress, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

15.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

17.     The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

18.     The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

19.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

20.     The Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant overshadowed Plaintiff's right to dispute the Debt.

21.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Actual damages from the Defendant for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 30, 2021

Respectfully submitted,

By     /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF